UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GREGORY TYREE BROWN,

                    Plaintiff,

        v.

ELDON VAIL, et al,

                    Defendants.

NO:  2:15-CV-0121-TOR

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 16). This matter was submitted for consideration without oral argument. The Court—having reviewed the briefing, files, and record therein—is fully informed.

## BACKGROUND

On March 29, 2015, Plaintiff Gregory Brown, a pro se prisoner currently housed at the Clallam Bay Corrections Center, commenced this action. ECF No. 1-1. In his First Amended Complaint, the operative pleading here, Brown alleges that

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

1   Defendants violated his federal and state constitutional rights when they

2   confiscated and destroyed 55 of his personal photographs. ECF No. 5.

3          In the instant motion, Defendants move to dismiss Brown's First Amended

4   Complaint, asserting that his claims are barred by the statute of limitations and the

5   doctrine of res judicata. ECF No. 16. For the reasons discussed below, this Court

6   grants Defendants' motion.

7                                          **FACTS**

8          On January 15, 2012, Defendants Derek Reeves and Dusty Rumsey, Airway

9   Heights Correction Center ("AHCC") officials, confiscated 55 photographs from

10  Brown's cell and destroyed them pursuant to DOC Policy 420.375. ECF No. 5 ¶¶

11  11, 20, 23. Defendants Paul Duenich and Maggie Miller-Stout subsequently upheld

12  the decision to confiscate and destroy the photographs. *Id.* ¶ 30.

13         On or about February 5, 2012, Brown submitted a grievance regarding the

14  January 15 event. *Id.* ¶ 27. Shortly thereafter, the grievance coordinator instructed

15  Brown that property confiscation issues need to be addressed through DOC's

16  appeal process and directed Brown to submit an appeal to the prison's captain. *Id.*

17  On or about February 8, 2012, Brown submitted his appeal to the prison's captain.

18  *Id.* ¶ 28. Over two months later, the grievance coordinator instructed Brown to

19  instead submit his appeal to the prison's superintendent. *Id.* ¶ 29.

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

On April 22, 2012, Brown submitted his appeal to the prison's superintendent. *Id.* Twenty-five days later, on May 17, 2012, Brown's appeal was denied. *Id.* ¶ 30.

On March 29, 2013, Brown commenced a suit against several DOC officials in the Eastern District of Washington. In his complaint, Brown asserted, among other allegations, that AHCC officials Reeves and Rumsey confiscated and destroyed his 55 personal photos on January 15, 2012, in violation of his procedural due process rights. *Brown v. Warner*, No. 2:13-cv-0130-RMP (E.D. Wash. filed Mar. 29, 2013) (ECF No. 4). On July 25, 2013, the court ruled that Reeves and Rumsey were improperly joined in the lawsuit, finding that a proceeding with unrelated claims against different defendants in a single suit violated Rule 18(a). *Id.* (ECF No. 7). The court dismissed these defendants without prejudice and advised Brown that he could proceed with his claims against these Defendants in a separate suit. *Id.*; *see* ECF No. 5 ¶¶ 34-35.

On June 30, 2014, in the Western District of Washington, Brown commenced another suit against all of the Defendants named in this action, save for Defendant Paul Duenich. In his complaint, Brown asserted, among other allegations, that AHCC officials Reeves and Rumsey confiscated and destroyed his 55 personal photos on January 15, 2012, in violation of his due process and free speech rights. *Brown v. State of Washington*, 3:14-cv-5524-RJB (W.D. Wash. filed

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

June 30, 2014) (ECF No. 4). On December 8, 2014, the court instructed Brown to amend his complaint and specifically advised Brown not to include events that occurred in Eastern Washington. *Id.* (ECF No. 20); *see* ECF No. 5 ¶¶ 36-38.

On March 29, 2015, Brown commenced the instant action. See ECF No. 1-1.

## DISCUSSION

### A. Standard of Review

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a plaintiff must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In conducting this review, [the court] accept[s] the factual allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff." *AE ex rel Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

"A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (internal quotation marks and brackets omitted). "However, a district court may do so only if the assertions of the complaint read

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

## B. Section 1983 Claims

### 1. Statute of Limitations

Defendants contend Brown's section 1983 claims, which arose from an incident that occurred on January 15, 2012, are barred by the applicable three-year statute of limitations on each claim. ECF No. 16. In response, Brown asserts that his claims are timely because the statute of limitations was tolled almost three hundred days. ECF No. 24 at 7-8.

The parties agree that the statute of limitations for a section 1983 action in Washington is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (citing RCW 4.16.080(2)). The parties also agree that Brown's section 1983 claims accrued on January 15, 2012, when the AHCC officials confiscated and destroyed Brown's photographs. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Accordingly, absent any tolling, the statute of limitations ended on January 15, 2015, which was 74 days before Brown filed his first complaint.

//

### 2. Tolling

#### a. Exhaustion of Administrative Remedies

First, Brown contends the statute of limitations was tolled while he pursued mandatory prison remedies between April 22, 2012, and May 17, 2012. ECF No. 24 at 6.

A prisoner may not proceed to federal court without first exhausting his administrative remedies. *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam). With this mandatory exhaustion rule, comes the corollary doctrine of tolling: "[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

Here, according to the First Amended Complaint, Brown sent his appeal letter to the prison's superintendent on April 22, 2012. ECF No. 5 ¶ 29. Although he attempted to start the exhaustion process in early February by first submitting a grievance and then submitting an appeal letter to the prison's captain, this was not the proper procedure. *Id.* ¶¶ 27-29. On May 17, 2012, Brown's appeal was denied. *Id.* ¶ 30. Accordingly, the 3-year statute of limitations was tolled 25 days while Brown completed the prison's mandatory exhaustion process.

//

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

### b.  Equitable Estoppel

Second, Brown contends the statute of limitations was tolled an additional 76 days because the grievance coordinator allegedly misrepresented that Brown should submit his appeal to the prison's captain and did not inform Brown of the correct procedure until over two months later. ECF No. 24 at 5-6.

"The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based on the principle that a party should not be allowed to benefit from its own wrongdoing." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (internal quotation marks omitted). "The doctrine focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Id.* (internal quotation marks omitted). Under federal law, the plaintiff must demonstrate the following elements of equitable estoppel: "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Id.* (quoting *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991)).

Here, construing Brown's First Amended Complaint with the required liberality, equitable estoppel does not apply. Even assuming that the AHCC grievance coordinator wrongfully advised Brown to submit his appeal to the captain on or about February 7, 2012, ECF No. 5 ¶ 27, Brown has failed to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

demonstrate that he detrimentally relied on this misinformation. Two and a half

months later, on April 22, 2012, the grievance coordinator correctly instructed

Brown to submit his appeal to the prison's superintendent. *Id.* ¶ 29. On May 17,

2012, Brown's appeal was denied, *id.* ¶ 30, leaving Brown over two years to

pursue his claims in federal court. Accordingly, Brown did not rely on the

grievance coordinator's erroneous instruction to his detriment: he was able to

exhaust his administrative remedies well within the applicable statute of limitations

and was not prevented from timely filing suit thereafter. [1]

### c. Equitable Tolling

Finally, Brown asserts that the statute of limitations was tolled while his

claims were pending in the Western District, the wrong venue. ECF No. 24 at 6-7.

---

[1] To the extent it remains undecided after *Estate of Amaro v. City of Oakland*

whether federal or state law estoppel principles govern, *see, e.g.*, *Macy v. Howard*,

584 Fed. App'x 427 (9th Cir. 2004) (applying Idaho's equitable estoppel law to

plaintiff's section 1983 claim), Defendants are not estopped under either federal or

state law principally because of the lack of injury to Plaintiff. *See Peterson v.

Groves*, 111 Wash. App. 306, 310-11 (2002) (discussing estoppel elements under

Washington law).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

In Washington, courts may apply the doctrine of equitable tolling to allow a claim to proceed "when justice requires." *Trotzer v. Vig*, 149 Wash.App. 594, 606-07 (2009). The doctrine "acts as an exception to the statute of limitations that should be used sparingly and does not extend broadly to allow claims to be raised except under narrow circumstances." *In re Bonds*, 165 Wash.2d 135, 141 (2008) (en banc). "The one who asserts the doctrine of equitable tolling has the burden of proving each of the predicates for application of the doctrine." *Trotzer*, 149 Wash.App. at 607. "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* (quoting *Millay v. Cam*, 135 Wash.2d 193, 206 (1998) (en banc)).

Here, construing Brown's First Amended Complaint with the required liberality, this Court finds Brown has failed to demonstrate that equitable tolling should apply. Although Brown has sufficiently pled diligence—he filed his claims against Defendant in the Western District well within the applicable time period—he has failed to demonstrate some act of any Defendant that prevented him from timely filing suit. Indeed, Brown presents no explanation why, after the Western District ordered plaintiff to drop his Eastern District allegations on December 18, 2014, Brown was unable to timely file suit in this district by February 9, 2015, the date the statute of limitations expired on his federal claims. Accordingly, Brown has failed to show that equitable tolling applies.

1    In conclusion, Brown's section 1983 claims are time-barred.

2    **C. State Constitutional Claims**

3        Brown asserts two claims under the Washington State Constitution,

4    contending that Defendants violated his procedural due process and free speech

5    rights. ECF No. 5 ¶¶ 42, 43. Brown seeks to enjoin DOC Policy 420.375, which

6    allows the confiscation and destruction of an inmate's property, and for a Court

7    order allowing prisoners to view the property, challenge the basis for its

8    confiscation, and personally dispose of the contraband. *Id.* ¶ 44(b).[2]

9

10   [2] Defendants move to dismiss these claims for failure to state a claim, asserting that

11   the Washington State Constitution does not provide a private right of action. ECF

12   No. 16 at 14. While Brown concedes that he cannot assert a claim for damages

13   under the Washington State Constitution, he correctly asserts that the case law

14   cited by Defendants concerns only claims for damages, not equitable relief. ECF

15   No. 24; *see, e.g.*, *Blinka v. Wash. State Bar. Ass'n*, 109 Wash. App. 575, 591

16   (2001). Defendants also move to dismiss the entirety of the First Amended

17   Complaint based on the doctrine of res judicata, ECF No. 16 at 10-13. Although

18   Brown raised claims regarding confiscation and destruction of his photographs in

19   two prior proceedings, these claims were improperly asserted in both actions. In

20   the Eastern District, the court dismissed these claims without prejudice based on

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Once the court acquires supplemental jurisdiction over state law claims, section 1367(c) provides that the court may decline to exercise jurisdiction if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *Dyack v. Commonwealth of N. Mariana Islands*, 317 F.3d 1030, 1037 (9th Cir. 2003) ("In the absence of diversity jurisdiction, the district

---

improper joinder. In the Western District, the court directed Brown to amend his pleading and omit these claims; however, nothing in the order prevented Brown from timely reasserting these claims in the proper venue.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 11

1  court had discretion to decline to exercise supplemental jurisdiction over Dyack's

2  state-law claims.").

3       Here, this Court declines to exercise its supplemental jurisdiction over these

4  claims because this Court has dismissed Brown's federal claims over which it had

5  original jurisdiction. Accordingly, these claims are dismissed without prejudice.

6  **D. Conclusion**

7       This Court grants Defendants' motion to dismiss. Regarding Brown's

8  federal claims, these claims are barred by the applicable three-year statute of

9  limitations, and because amendment as to these claims would be futile, this Court

10  finds leave to amend under Federal Rule of Civil Procedure 15 is not warranted

11  here. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without

12  leave to amend is improper unless it is clear that the complaint could not be saved

13  by any amendment."). Regarding Brown's state law claims, this Court declines to

14  exercise supplemental jurisdiction over these claims in light of the dismissal of

15  Brown's federal claims. Accordingly, Brown's First Amended Complaint is

16  dismissed.

17  //

18  //

19  //

20  //

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 12

1      **IT IS ORDERED:**

2          1.  Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF

3   No. 16) is **GRANTED**.

4          2.  Plaintiff's First Amended Complaint is **DISMISSED.** Plaintiff's federal

5   law claims are dismissed with prejudice, and his state law claims are dismissed

6   without prejudice.

7          The District Court Executive is directed to enter this Order, enter

8   **JUDGMENT** for Defendants, provide copies to counsel and Plaintiff, and **close**

9   the file.

10         **DATED** March 31, 2016.

11

12                                          THOMAS O. RICE
                                    Chief United States District Judge
13

14

15

16

17

18

19

20