UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY TYREE BROWN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ELDON VAIL, et al,<br><br>　　　　　　Defendants. | NO. 2:15-CV-0121-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

BEFORE THE COURT is Defendants' Motion for a Protective Order. ECF No. 55. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion for a Protective Order (ECF No. 55) is **GRANTED**.

## BACKGROUND

On August 3, 2015, Plaintiff Gregory Tyree Brown, a *pro se* prisoner currently housed at the Clallam Bay Corrections Center, filed his First Amended

ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 1

Complaint. ECF No. 5. Plaintiff alleged that Defendants violated his federal and state constitutional rights when they confiscated and destroyed 55 of his personal photographs. *Id.*

On March 31, 2016, this Court granted Defendants' Motion to Dismiss and dismissed Plaintiff's First Amended Complaint. ECF No. 26. On March 1, 2018, the Ninth Circuit vacated the dismissal of Plaintiff's action and remanded to this Court. ECF No. 36. By Mandate, the Ninth Circuit's judgment took effect on March 23, 2018. ECF No. 45.

On June 26, 2018, Defendants filed a Motion to Dismiss. ECF No. 53. Defendants also filed the instant motion requesting a protective order and to stay discovery until the Court decides Defendants' Motion to Dismiss. ECF No. 55. Plaintiff failed to timely respond to the motion for a protective order and to stay discovery. *See* LR 7.1(b)(2)(B). Failure to comply with the requirements of LR 7.1(b) "may be deemed consent to the entry of an Order adverse to the party who violates these rules." LR 7.1(d). The Court will now consider the merit of Defendants' Motion for a Protective Order. ECF No. 55.

**DISCUSSION**

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is broad and includes "any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1). Yet, the Court may, for good cause, issue

an order denying or limiting discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense …." Fed. R. Civ. P. 26(c)(1). The Court has broad discretion to stay discovery while a dispositive motion is pending. *See Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672 (S.D. Cal. 2001).

The party requesting a protective order bears the burden of showing good cause. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). The Supreme Court has repeatedly held that when qualified immunity is raised as a defense by government officials, discovery should be stayed until the threshold issue of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 816-818 (1982) ("bare allegations of malice should not suffice to subject government officials to either the costs of trial or to the burdens of broad-reaching discovery"); *see also Anderson v. Creighton*, 483 U.S. 635, 651 (1987).

Here, Defendants state that Plaintiff has served discovery to six Defendants, including interrogatories and requests for production. ECF No. 55 at 2. Defendants emphasize that Defendants Vail and Warner are sued in their individual capacities and there are no allegations of personal involvement. *Id.* Yet, a significant portion of the discovery requests to Defendants Vail and Warner are largely related to official DOC records and information. *Id.* Defendants contend that Plaintiff also served interrogatories to Defendants Miller-Stout and

Duenich despite their lack of personal involvement in the alleged misconduct. *Id.* Defendants also note that Defendant Miller-Stout is no longer the Superintendent at Airway Heights Corrections Center. *Id.*

Defendants raised the defense of qualified immunity in their Motion to Dismiss and this Motion may be dispositive of the entire case. ECF Nos. 53; 55 at 4. The Supreme Court has emphasized that the qualified immunity question should be resolved at the earliest possible stage of litigation. *See Harlow*, 457 U.S. at 816. As Plaintiff has failed to timely respond, the Court finds good cause to stay all discovery pending the Court's ruling on Defendants' Motion to Dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for a Protective Order (ECF No. 55) is **GRANTED**.
2. All discovery in this matter is **STAYED** pending this Court's ruling on Defendants' Motion to Dismiss.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** July 31, 2018.



THOMAS O. RICE
Chief United States District Judge