UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GREGORY TYREE BROWN,

                Plaintiff,

   v.

ELDON VAIL, et al,

                Defendants.

NO. 2:15-CV-0121-TOR

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(c). ECF No. 53. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(c) (ECF No. 53) is **GRANTED in part** and **DENIED in part**.

//

//

# BACKGROUND

On August 3, 2015, Plaintiff Gregory Tyree Brown, a *pro se* prisoner currently housed at the Clallam Bay Corrections Center, filed his First Amended Complaint. ECF No. 5. Plaintiff alleges that Defendants violated his federal and state constitutional rights when they confiscated and destroyed 55 of his personal photographs. *Id.* at ¶ 1.

On December 28, 2015, Defendants moved to dismiss Plaintiff's claims as barred by the statute of limitations and by res judicata. ECF No. 16. On March 31, 2016, this Court granted Defendants' Motion to Dismiss and dismissed Plaintiff's First Amended Complaint. ECF No. 26. On March 1, 2018, the Ninth Circuit vacated the dismissal of Plaintiff's action and remanded to this Court. ECF No. 36. By Mandate, the Ninth Circuit's judgment took effect on March 23, 2018. ECF No. 45.

On June 26, 2018, Defendants filed the instant Motion to Dismiss. ECF No. 53. On June 29, 2018, this Court granted Plaintiff's motion to substitute Defendants Eldon Vail and Bernard Warner in their official capacities with the current Secretary of Department of Corrections (DOC), Stephen Sinclair. ECF No. 57. Plaintiff's claims against Defendants Vail and Warner in their individual capacities remain. *Id.* at 3.

# FACTS

The following facts are drawn from Plaintiff's First Amended Complaint and are accepted as true for the purposes of the instant motion. On January 15, 2012, Defendants Derek Reeves and Dusty Rumsey, Airway Heights Correction Center ("AHCC") officials, confiscated 55 photographs[1] from Plaintiff's cell and destroyed them pursuant to DOC Policy 420.375. ECF No. 5 at ¶¶ 11, 20, 23. Defendant Eldon Vail was the Secretary and Chief Executive Officer of the Department of Corrections as of and prior to January 15, 2012. *Id.* at ¶ 5. Defendant Bernard Warner was the Secretary of the Department of Corrections at the time the Complaint was filed, but was replaced by Mr. Sinclair in 2017. ECF No. 57 at 2.

On February 5, 2012, Plaintiff submitted an administrative grievance. *Id.* at ¶ 27. On April 22, 2012, Plaintiff submitted his appeal to the prison's superintendent. *Id.* at ¶ 29. On May 17, 2012, Plaintiff's appeal was denied. *Id.* at ¶ 30. Plaintiff alleges Defendants Paul Duenich and Maggie Miller-Stout upheld the decision to confiscate and destroy the photographs. *Id.* ¶ 30. Defendant

---

[1] In Plaintiff's original Complaint, Plaintiff attached a letter from Defendant Miller-Stout stating that the officers reported "that most all the photos were nude photos with removed, altered and different DOC numbers on all of them. The other few photos were torn out magazine pictures …." ECF No. 1 at 43.

Duenich is a Correctional Lieutenant at the AHCC. *Id.* at ¶ 8. Defendant Miller-Stout was the Superintendent of the AHCC at the time the Complaint was filed. *Id.* at ¶ 7.

On March 29, 2013, Plaintiff commenced a suit against several DOC officials in the Eastern District of Washington. *Id.* at ¶ 34. In his complaint, Plaintiff asserted, among other allegations, that Reeves and Rumsey confiscated and destroyed his 55 personal photos on January 15, 2012, in violation of his procedural due process rights. *Brown v. Warner*, No. 2:13-cv-0130-RMP (E.D. Wash. filed Mar. 29, 2013). The district court ruled that Reeves and Rumsey were improperly joined in the lawsuit and dismissed these defendants without prejudice and advised Plaintiff that he could proceed with his claims against these Defendants in a separate suit. ECF No. 5 at ¶ 35.

On June 30, 2014, Plaintiff commenced another suit in the Western District of Washington against all of the Defendants named in this action, save for Defendant Paul Duenich. *Id.* at ¶ 36. In his complaint, Plaintiff asserted, among other allegations, that Reeves and Rumsey confiscated and destroyed his 55 personal photos on January 15, 2012, in violation of his due process and free speech rights. *Brown v. State of Washington*, 3:14-cv-5524-RJB (W.D. Wash. filed June 30, 2014). On December 8, 2014, that district court instructed Plaintiff

to amend his complaint and specifically advised Brown not to include events that occurred in Eastern Washington. ECF No. 5 at ¶¶ 36-38.

In the instant suit, Plaintiff alleges federal claims for procedural due process and freedom of expression and association. *Id.* at ¶¶ 40-41. Plaintiff also alleges state law claims for procedural due process and freedom of expression and association. *Id.* at ¶¶ 42-43.

## DISCUSSION

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."

*Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

//

//

## I. Substitution of Defendant Miller-Stout

Defendants argue that Defendant Miller-Stout should be dismissed in her official capacity as she is no longer the Superintendent of AHCC. ECF No. 53 at 4. Plaintiff contends that Defendant Miller-Stout should be substituted in her official capacity by the current Superintendent of AHCC, James Key. ECF No. 58 at 11. Plaintiff asserts that Defendant Miller-Stout should remain a named Defendant in her individual capacity. *Id.* Defendants insist that the DOC Secretary already named in this suit is adequate for requesting the injunctive relief. ECF No. 53 at 5. Defendants state that rather than replacing Defendant Miller-Stout in her official capacity with the current AHCC Superintendent, Defendant Miller-Stout should be dismissed in her official capacity. *Id.*

Plaintiff is no longer housed at the AHCC. Accordingly, there is no reason to substitute the current Superintendent of AHCC, James Key, into this lawsuit for any reason. Accordingly, the Court dismisses Defendant Miller-Stout in her official capacity, but she remains as a Defendant for claims brought against her in her individual capacity.

## II. Failure to State a Claim

Under 42 U.S.C. § 1983, a cause of action may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws,' of the United States." *S. Cal.*

*Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983). The rights guaranteed by § 1983 are "liberally and beneficially construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 684 (1978)). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (brackets and emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## A. Due Process Claim

The Fifth Amendment ensures that no one shall be "deprived of life, liberty or property without due process of law." U.S. Const. amend. V. Due process is applied to the States through the Fourteenth Amendment. U.S. Const. amend. XIV. Courts analyze procedural due process claims in two steps. First, the court asks whether there was deprivation of a constitutionally protected liberty or property interest. *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002). If the court finds a protected interest, it proceeds to step two to determine if there was a denial of adequate procedural protections. *Id.*

The Court considers whether Plaintiff was denied adequate procedural protections. To guide the second step of the analysis, courts consider the three-part

balancing test announced in *Mathews v. Eldridge*:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

"The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) (internal quotation marks and citation omitted). The precise timing of this hearing is subject to the balancing factors found in *Mathews*. *Id*. An individual is normally given an opportunity to be heard before the deprivation, but this is not a hard and fast rule. *Id*. The Ninth Circuit found that when there is "[a]n important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation." *Id.* (quoting *FDIC v. Mallen*, 486 U.S. 230, 240 (1988)).

Here, Defendants assert that where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process. ECF No. 53 at 9;

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Defendants emphasize that

Washington law allows inmates who believe that property of value has been lost or

damaged due to staff negligence to file a claim pursuant to RCW 4.92.100. ECF

No. 53 at 9. If the claim is not resolved to the inmate's satisfaction, he may file

suit once 60 days have elapsed. *Id.* Defendants then argue that Plaintiff's remedy

for prison official's alleged negligent and/or unauthorized acts with respect to his

property is in state court. *Id.* at 9-10. Additionally, Defendants argue that

Plaintiff's claim assumes that in all circumstances, a prisoner must be given the

opportunity to challenge the confiscation and destruction of photographs,

regardless of the content, true ownership, or other facts. *Id.* at 10.

      Plaintiff responds that if a deprivation results from an "established state

procedure," the availability of post-deprivation remedies is constitutionally

inadequate. ECF No. 58 at 3; *see Logan v. Zimmerman Brush Co.*, 455 U.S. 422,

436 (1982); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). Plaintiff alleges that

Defendants confiscated and destroyed his photos pursuant to "established state

procedure, DOC Policy 420.375." ECF Nos. 58 at 6; 5 at ¶ 23. Plaintiff cites to a

previous decision by the Western District of Washington regarding the very same

issue, which will be discussed below. ECF No. 58 at 4; *see Brown v. Vail*, No.

C09-1546-RSM-BAT, 2012 WL 3814489, at *5 (W.D. Wash. Mar. 29, 2012),

*report and recommendation adopted in part, rejected in part*, No. C09-1546-RSM, 2012 WL 3812056 (W.D. Wash. Sept. 4, 2012).

Defendants insist that Plaintiff fails to state a claim when viewed under *Logan* or *Hudson*, arguing that Plaintiff's allegations are incompatible with *Logan*. ECF No. 60 at 1-2. Plaintiff contends that Defendants Reeves and Rumsey would have acted properly had they been trained, supervised, and controlled by Defendants Miller-Stout and Duenich. ECF No. 5 at ¶ 31. Defendants then assert that an allegation of unauthorized confiscation is a start towards *Hudson*. ECF No. 60 at 2. Defendants also argue that Plaintiff ignores the distinction between contraband and non-contraband, stating that the analysis applies when there is a loss of something to which the Plaintiff has a legal right, not the loss of contraband. *Id.* at 3.

The Supreme Court in *Hudson* determined pursuant to *Parratt v. Taylor* that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. The Supreme Court stated, "The controlling inquiry is solely whether the state is in a position to provide for a predeprivation process." *Id.* at 534. The Supreme Court explained that in *Logan* the Court addressed a question about "whether a postdeprivation state remedy satisfies due

process where the property deprivation is effected pursuant to an established state procedure," and the Court held that it did not. *Id.* at 534. The Supreme Court decided that *Logan* was not relevant in *Hudson* because the respondent did not allege that the asserted destruction of his property occurred pursuant to a state procedure. *Id.* In *Zinermon v. Burch*, the Supreme Court stated that the reach of *Parratt* and *Hudson*'s post-deprivation hearing was inadequate to safeguard due process where the deprivation was caused by an official's abuse of his position. 494 U.S. at 113.

Here, Plaintiff alleges that the destruction of his photos occurred pursuant to a state procedure, the DOC policy. Yet, he also appears to contend that Defendants Reeves and Rumsey performed an unauthorized confiscation due to a failure of proper supervision. In liberally construing Plaintiff's First Amended Complaint in the most favorable light, the Court finds that Plaintiff intends to assert a claim pursuant to *Logan* that his photos were destroyed pursuant to the DOC policy not due to a negligent action according to *Hudson*. Assuming that the Defendants were acting in compliance with DOC policy, then the state could predict when the loss will occur rather than it being a random, unauthorized act of a state employee. *See Hudson*, 468 U.S. at 532. The state would then be in a position to provide a pre-deprivation process. *Id.* at 534. Plaintiff states a plausible constitutional

violation of his due process rights as the remedy of a post-deprivation procedure was likely not adequate.

The Court notes that the Western District of Washington resolved this issue in a previous suit by Plaintiff for destruction of his personal property in accordance with DOC Policy 420.375. *Brown*, 2012 WL 3814489, at *2. The district court granted summary judgment on the procedural due process claim in favor of Plaintiff with respect to Officer Lopez who destroyed the property and the DOC Secretary. *Brown v. Vail*, No. C09-1546-RSM, 2012 WL 3812056, at *1 (W.D. Wash. Sept. 4, 2012). The district court denied Plaintiff's due process claim with respect to the former DOC Secretary Vail in his individual capacity, Officer Lopez in his official capacity for damages, and DOC Secretary in his official capacity for damages. *Id.* The district court declined to grant declaratory and injunctive relief. *Id.* The district court also denied Plaintiff's First Amendment claim. *Id.* Ultimately, the parties settled the claim for $30,000 in February 2015.

In regards to due process, the Western District of Washington determined that "*Logan* and *Zinermon*, and not *Parratt* and *Hudson*, apply such that defendant's destruction pursuant to DOC Policy 420.375 of Mr. Brown's personal property without a pre-deprivation proceeding violated his right to procedural due process." *Brown*, 2012 WL 3814489, at *6. The court found that the situation was similar to *Logan* "where the injury was the product of an institutionalized practice

that was wholly predictable, authorized, and within the power of the prison

officials control."  *Id.* (citation omitted).  The court stated, "Defendants abused

their positions of authority in a manner that was wholly predictable and

preventable."  *Id.*

This Court agrees with the Western District of Washington that *Logan* is

applicable and finds Plaintiff states a plausible claim for relief because he was

likely entitled to a pre-deprivation hearing for the destruction of his property

pursuant to a state procedure.  The Court then denies Defendants' Motion to

Dismiss in regards to Plaintiff's procedural due process claim.  As Plaintiff states a

plausible constitutional violation, the Court next considers the personal

participation of each Defendant.

**B. Personal Participation**

Defendants assert that Plaintiff fails to establish claims against Defendants

Vail, Warner, Miller-Stout, and Duenich because Plaintiff must prove the

particular Defendant caused or personally participated in the deprivation of a

particular protected constitutional right.  ECF No. 53 at 5.

To establish liability pursuant to § 1983, a plaintiff must set forth facts

demonstrating how each defendant caused or personally participated in causing a

deprivation of plaintiff's specific protected rights.  *Arnold v. Int'l Bus. Machines

Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045

(9th Cir. 1989).  Vicarious liability is inapplicable to a § 1983 claim, thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.  Specifically, the Ninth Circuit has held that supervisors can be held liable for:  "1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000).

### 1. Defendants Vail and Warner

Plaintiff alleges that Defendants Vail and Warner "adopted, implemented, and/or maintained" DOC Policy 420.375 requiring prison employees to use property disposition forms to document prisoners' wishes regarding disposition of inmate property and a DOC policy that states contraband will be placed in the trash.  ECF No. 5 at ¶ 10.  Plaintiff asserts that Defendants Vail and Warner concealed the unlawfulness of the DOC policy by prohibiting prisoners and members of the public from viewing the policy.  *Id.* at ¶ 14.  The Defendants also

allegedly adopted, implemented, and maintained a policy of "Failure-to-Recognize-Employee-Misconduct reported by prisoners." *Id.* at ¶ 16. Plaintiff emphasizes that the DOC and AHCC records reflect zero instances of employee misconduct reported by prisoners from January 15, 2000 to May 17, 2015, but prison inmates filed thousands of grievances. ECF No. 5 at ¶¶ 15-16.

Defendants argue that Plaintiff fails to allege Defendants Vail and Warner approved or knowingly acquiesced to any unconstitutional conduct. ECF No. 53 at 6. Defendants emphasize that Plaintiff fails to assert that these Defendants personally engaged in any conduct that deprived Plaintiff of his rights. *Id.* Defendants insist that Plaintiff's claims are conclusory in nature and fail to allege any personal involvement, making Plaintiff's allegations insufficient to establish personal participation. *Id.* at 7.

Plaintiff responds that Defendants Vail and Warner are liable under supervisory liability for the actions of Defendants Reeves and Rumsey for confiscating and destroying his photos. ECF No. 58 at 4-5, 9; *see Crowley v. Bannister*, 743 F.3d 967, 977 (9th Cir. 2013) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation). Defendants reply that Plaintiff does not establish that the DOC policy was a

proximate cause of any deprivation or that it is unconstitutional. ECF No. 60 at 4. Defendants also note that there are three DOC Secretaries in this lawsuit, but only one is currently the Secretary and only one would have been the Secretary at the time of the alleged deprivation. *Id.*

Defendant Vail was the DOC Secretary at the time of the destruction of the photographs. ECF No. 5 at ¶ 5. Defendant Warner was DOC Secretary after Vail and prior to Defendant Sinclair. ECF Nos. 5 at ¶ 6; 57 at 2. Defendants Vail may be sued in his individual capacity for § 1983 damages as a supervisor in his individual capacity. *See Taylor*, 880 F.2d at 1045.

In regards to Defendant Warner, the Court finds there is no evidence that he was involved in the event. Defendant Warner was not the DOC Secretary in 2012 when Plaintiff's constitutional rights were allegedly violated pursuant to DOC Policy 420.375 nor is he the current DOC Secretary. The Court then dismisses Defendant Warner from this suit as Plaintiff fails to establish his personal participation in any constitutional deprivation.

In regards to Defendant Vail, the Court find that Plaintiff states a plausible claim for supervisor liability as Defendant Vail was the DOC Secretary in 2012 at that time of the alleged due process violation. Defendant Vail may have then failed to supervise Defendants Reeves and Rumsey. The Court determines that

Plaintiff asserts a plausible claim for relief against Defendant Vail as he may have personally participated pursuant to supervisor liability.

### 2. Defendants Miller-Stout and Duenich

Plaintiff alleges that Defendants Miller-Stout and Duenich "adopt, implement and maintain policy of Failure-to-Recognize-Employee-Misconduct reported by prisoners." ECF No. 5 at ¶ 16. Plaintiff insists that Defendants Miller-Stout and Duenich "adopted a practice of 'looking the other way' whenever any prison employee seeks to conceal a theft of inmate property." *Id.* at ¶ 17. Defendants Miller-Stout and Duenich "acquiesced in Reeves' and Rumsey's destruction of Brown's photos, denied Brown's letter/appeal, and upheld the confiscation and destruction of the 55 photos." *Id.* at ¶ 30. Plaintiff alleges that Defendants Miller-Stout and Duenich willfully failed to train, supervise, and control Defendants Reeves and Rumsey. *Id.* at ¶ 31.

Defendants assert that Plaintiff's allegations are conclusory in nature and unsupported by factual allegations. ECF No. 53 at 7. Defendants insist that Plaintiff does not factually allege that Defendants Miller-Stout and Duenich authorized, approved, or knowingly acquiesced to any unconstitutional conduct. *Id.* at 8. Defendants argue that holding a prison official personally responsible for damages simply because he or she responded to a grievance is a broad theory of liability that is inconsistent with the personal responsibility requirement of

assessing damages against public officials. *Id.* Defendants contend that their

participation in the offender grievance process is not sufficient to establish a civil

rights violations. ECF No. 53 at 8; *see Buckley v. Barlow*, 997 F.2d 494, 495 (8th

Cir. 1993); *see also George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Defendants also emphasize that the extent of Defendant Miller-Stout's

involvement is when she denied Plaintiff's appeal of the confiscation. ECF No. 60

at 4. Defendants argue that Plaintiff does not allege sufficient facts as to the reason

of the denial, such as whether Defendant Miller-Stout denied it pursuant to policy

or because the pictures were contraband. *Id.* Defendants also note that while

Plaintiff claims that Defendant Duenich acquiesced because Defendant Miller-

Stout denied the appeal, this does not actually allege involvement by Defendant

Duenich. *Id.* Defendants conclude that Plaintiff's supervisor liability claim is

conclusory, lacking factual support, fails to establish Defendant Duenich as a

supervisor, and it implies that Defendants Reeves and Rumsey acted contrary to

policy rather than according to DOC Policy 420.375. *Id.* at 5.

The Court infers that Defendant Miller-Stout was the Superintendent at the

time of the constitutional deprivation. While Defendant Miller-Stout's denial of

Plaintiff's grievance claim is insufficient to create personal participation, the Court

finds that Plaintiff states a plausible claim for supervisor liability. Plaintiff alleges

that Defendant Miller-Stout is a custodian of all property belonging to prisoners;

supervises and manages the AHCC; adopts and implements DOC policies; and establishes standards, local practices, and procedures that guide the performance of her subordinates. ECF No. 5 at ¶ 7. Plaintiff then sufficiently asserts that Defendant Miller-Stout may have failed to supervise Defendants Reeves and Rumsey, as she supervises and manages AHCC officers and employees. *Id.* The Court finds that Plaintiff establishes a plausible claim that Defendant Miller-Stout personally participated in the deprivation of his constitutional rights. Plaintiff's claims against Defendant Miller-Stout in her individual capacity remain.

In regards to Defendant Duenich, Plaintiff asserts that he "instructs subordinate employees regarding established standards and local practices and procedures that guide their performances; … and investigates and makes recommendations regarding inmate grievances alleging employee misconduct." *Id.* at ¶ 8. The Court finds that Plaintiff also alleges a plausible claim for relief under supervisor liability because Defendant Duenich may have failed to properly train and supervise Defendants Reeves and Rumsey as their Correctional Lieutenant. Plaintiff's claims against Defendant Duenich in his individual and official capacity remain.

## C. First Amendment Expression or Association Claim

Plaintiff asserts First Amendment free expression and association claims. *Id.* at ¶ 41. While a prisoner retains his First Amendment rights, "[t]he fact of

confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration." *Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977). Courts have "instructed that freedom of association is among the rights least compatible with incarceration." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1247 (9th Cir. 2013) (internal quotation marks and citation omitted). Prison officials may curtail a prisoner's First Amendment rights if the regulation of that particular expressive or associational conduct "is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

A court considers: (1) whether there is a "valid, rational connection" between the regulation and the legitimate governmental interest; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates; and (4) the absence of ready alternatives is evidence of the reasonableness of a prison regulation. *Id.* at 89-91. To maintain the necessary balance between prisoners' retaining some constitutional rights and considering that courts are ill-equipped to address matters of prison administration, courts "must apply a deferential standard of review to challenges regarding prison regulations and uphold the regulation 'if it is reasonably related to legitimate

penological interests.'" *Mauro v. Arpaio*, 188 F.3d 1054, 1058 (9th Cir. 1999) (quoting *Turner*, 482 U.S. at 89).

Here, Defendants insist that Plaintiff does not establish that he was engaged in protected activity that was unlawfully infringed upon. ECF No. 53 at 10. Plaintiff responds that the destruction of his photographs "did not serve, or was not narrowly tailored to serve, a legitimate penological objective. Said actions constitute an exaggerated response to prison security." ECF Nos. 58 at 8; 5 at ¶ 33. Plaintiff argues that this Court should afford him an opportunity for factual development so as to enable the Court to analyze all four *Turner* factors. ECF No. 58 at 8.

The Western District of Washington found that Plaintiff "failed to explain how even the wrongful destruction of items such as personal letters or publications impinged upon his right to free association." *Brown*, 2012 WL 3814489, at *9. This Court agrees and finds that Plaintiff fails to state a plausible claim for a First Amendment violation. Plaintiff merely concludes that the destruction of his alleged contraband was not tailored to serve a legitimate penological interest. This conclusory allegation is insufficient to state a plausible claim for relief when the destruction of alleged contraband would likely serve a legitimate penological interest and deference should be given to prison regulations.

//

### D. Washington State Law

#### 1. Due Process

Plaintiff alleges that Defendants Reeves and Rumsey denied him procedural due process contrary to Article 1 § 3 of the Washington State Constitution. ECF No. 5 at ¶ 42. Washington's constitutional provision is similar to the federal due process provision and "does not provide broader protections than its federal counterpart." *Greenhalgh v. Dep't of Corr.*, 180 Wash. App. 876, 890 (2014) (citation omitted). As already determined above, Plaintiff establishes a federal due process claim and thus the Court finds that Plaintiff also establishes a state procedural due process violation.

Plaintiff also alleges that Defendants Reeves and Rumsey violated his due process rights contrary to RCW 9.92.110, which states: "A conviction of crime shall not work a forfeiture of any property, real or personal, or of any right or interest therein." ECF No. 5 at ¶ 42; RCW 9.92.110. The Washington Supreme Court has determined that "there is no violation of RCW 9.92.110 when DOC seizes property because of a person's confinement following a conviction and not because of the person's underlying conviction." *Greenhalgh*, 180 Wash. App. at 889 (citation omitted). Here, DOC confined Plaintiff because of his conviction and disposed of the photographs because of his confinement in DOC institutions, not because of his underlying conviction. The Court finds that Plaintiff fails to

establish a violation of RCW 9.92.110 when his property was seized because he was confined following a conviction.

Additionally, Plaintiff alleges a violation contrary to WAC 137-36-040(1)(a), which states that contraband:

> [i]tems which are determined to be owned by an inmate will be mailed or transferred to a person designated by the inmate at the inmate's expense. If the inmate is without funds, refuses to pay the required postage or refuses to designate an individual to receive the property, such items shall be donated to a charitable organization.

ECF No. 5 at ¶ 42; WAC 137-36-040(1)(a).

Defendants argue that even if Plaintiff was not given an opportunity to dispose of contraband under WAC 137-36-040(1)(a), Plaintiff has not alleged facts to show that the property was taken for an improper purpose when a state has a legitimate interest in institutional efficiency and safety. ECF No. 53 at 13-14.

The Court finds that Plaintiff likely establishes a violation of WAC 137-36-040(1)(a), as Defendants failed to give Plaintiff an opportunity to mail or transfer his contraband. The Court then dismisses Plaintiff's RCW 9.92.110 claim without leave to amend, but his claims under the Washington State Constitution and WAC 137-36-040(1)(a) remain.

## 2. Freedom of Expression and Association

Plaintiff alleges that Defendants Reeves and Rumsey denied his freedom of expression and association contrary to Article I § 14 of the Washington State

Constitution, which states that "[e]xcessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted." ECF No. 5 at ¶ 43; Wash. Const. art. I, § 14. Defendants assert that Plaintiff may have intended to cite to Article 1 § 5, stating that "[e]very person may freely speak, write and publish on all subjects, being responsible for the abuse of that right." ECF No. 53 at 14; Wash. Const. art. I, § 5. Defendants argue that Plaintiff fails to show any burden on his speech or any activity that requires greater protection than that already provided by the United States Constitution. ECF No. 53 at 15.

Plaintiff alleges that Defendants permanently deprived him of his right to view his photos, and possession of photos is protected by the First Amendment. ECF No. 58 at 8. The Court has already determined that Plaintiff fails to establish a plausible First Amendment claim under the United States Constitution and thus the Court does not find Plaintiff's arguments here persuasive. While the Washington free speech provision provides greater protection than the First Amendment of the United States Constitution, this Court still finds that Plaintiff fails to state a plausible claim for relief. *State v. Noah*, 103 Wash. App. 29, 48 (2000). Plaintiff merely concludes that Defendants Reeves and Rumsey denied him freedom of expression and association when they stole and/or destroyed his photographs. ECF No. 5 at ¶ 43. As discussed above, Plaintiff fails to show that the destruction of his alleged contraband would not serve a legitimate penological

interest and he also fails to establish that his activity of viewing alleged contraband in prison is constitutionally protected, even under the more generous Washington free speech standard.

### III. Qualified Immunity

Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity balances the two important interests of holding public officials accountable when they exercise power irresponsibly and also the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.* When this immunity is properly applied, "it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In determining a state actor's assertion of qualified immunity, a court must assess (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation such that a reasonable person in the defendant's position would have understood that his actions violated that right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in*

*part by Pearson*, 555 U.S. 223.  A court may, within its discretion, decide which of the two prongs should be addressed first in light of the particular circumstances of the case.  *Pearson*, 555 U.S. at 236.  If the answer to either inquiry is "no," then the defendant is entitled to qualified immunity and may not be held personally liable for his or her conduct.  *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011).

Defendants argue that they are entitled to qualified immunity.  ECF Nos. 53 at 15; 60 at 5.  Plaintiff responds that because Defendants violated his fundamental basic rights, they cannot claim that reliance upon DOC Policy 420.375 entitles them to qualified immunity.  ECF No. 58 at 11.  Plaintiff argues that his right to a pre-deprivation process was clearly establish and thus Defendants are not entitled to qualified immunity.  *Id.* at 12.  The Court is not persuaded by Defendants' cursory qualified immunity argument as pre-deprivation relief was likely a clearly established constitutional violation in light of *Logan*.  The Court declines to grant Defendants qualified immunity on this yet to be developed record.

## IV.   Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir.

2015) (citation omitted).  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

Here, Plaintiff was granted leave to file an amended complaint.  ECF No. 4. After fully considering his First Amended Complaint, the Court finds that Plaintiff cannot prevail on his dismissed claims and it would be futile to give him an opportunity to amend.  Defendant Warner did not personally participate in Plaintiff's alleged constitutional deprivation.  Plaintiff also fails to allege a federal or state First Amendment claim.  Plaintiff fails to assert a plausible claim under RCW 9.92.110.  The Court finds that there are no set of facts Plaintiff could allege to overcome the lack of personal participation, insufficient First Amendment claims, or applicability of RCW 9.92.110.  Plaintiff's pleading cannot possibly be cured by other facts and the Court dismisses these claims without leave to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(c) (ECF No. 53) is **GRANTED in part** and **DENIED in part**. Defendants' Motion is **GRANTED** insofar as it relates to Plaintiffs' federal and state First Amendment claims.  Defendants' Motion is

**DENIED** insofar as it relates to Plaintiff's federal and state procedural due process claims and Defendants' qualified immunity defense.

2. Defendant Bernard Warner is **DISMISSED**.

3. The claims against former AHCC Superintendent Maggie Miller-Stout in her official capacity are **DISMISSED**, while the surviving individual claims against her remain pending. The Clerk shall adjust the docket accordingly.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** August 31, 2018.



THOMAS O. RICE
Chief United States District Judge