UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY TYREE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>ELDON VAIL, in his individual capacity, DEREK REEVES, in his individual and official capacities, and DUSTY RUMSEY, in his individual and official capacities,<br><br>    Defendants. | NO. 2:15-CV-0121-TOR |

_____

FINAL INSTRUCTIONS GIVEN BY THE COURT
_____

**DATED** February 11, 2020.

THOMAS O. RICE
Chief United States District Judge

FINAL JURY INSTRUCTIONS ~ 1

## FINAL INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

These instructions are the final instructions that govern your deliberations. This set of instructions is not to be taken home and must remain in the jury room.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>FINAL INSTRUCTION NO. 2</u>

The evidence you are to consider in deciding what the facts are consists of the following:

     (1) the sworn testimony of any witness;

     (2) the exhibits which are received into evidence;

     (3) any facts to which the parties have agreed; and

     (4) any facts that I have instructed you to accept as proven.

## FINAL INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers and Mr. Brown while off the witness stand are not evidence.  The lawyers are not witnesses.  What the lawyers and Mr. Brown said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers and Mr. Brown (while not on the witness stand) have stated them, your memory of them controls.  Mr. Brown is proceeding pro se, which means he is representing himself without a lawyer.  Statements he makes while representing himself are not to be considered as evidence; while statements he makes on the witness stand under oath are considered evidence.

(2) Questions and objections by lawyers and Mr. Brown are not evidence.  Parties have a duty to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the testimony and exhibits received and admitted into evidence in the courtroom.

## FINAL INSTRUCTION NO. 4

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## FINAL INSTRUCTION NO. 5

There are rules of evidence that control what can be received into evidence. Throughout trial the parties objected to certain questions or exhibits. You must abide by my decisions. Please recall that if I sustained an objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

In trial I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

FINAL INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it

differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## FINAL INSTRUCTION NO. 7

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

FINAL INSTRUCTION NO. 8

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## FINAL INSTRUCTION NO. 9

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

FINAL INSTRUCTION NO. 10

Defendants are being sued as individuals.  Neither the Washington State Department of Corrections nor the State of Washington nor any other Department of Corrections employee is party to this lawsuit.  Defendants Derek Reeves, Dusty Rumsey, and Eldon Vail are the only Defendants in this action.

## FINAL INSTRUCTION NO. 11

Mr. Brown brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

FINAL INSTRUCTION NO. 12

In this case, Mr. Brown claims that Defendants Mr. Reeves and Mr. Rumsey, while acting under color of law, violated his rights under the Due Process Clause of the Fourteenth Amendment.

Specifically, Mr. Brown claims that Mr. Reeves and Mr. Rumsey violated his procedural due process rights when they destroyed photos found in his cell without a hearing.  A hearing could be formal or informal, such as allowing Mr. Brown to challenge the disposal of the photos before they were disposed, or allowing him to mail the photos out of the prison.

To succeed on his claims, Mr. Brown must prove each of the following by a preponderance of the evidence:

First:  Mr. Brown had a property interest in the photos that were seized from his cell.

Second:  Defendants deliberately deprived Mr. Brown of his property.

Third:  Mr. Brown's property was destroyed without adequate process, either a hearing or by allowing him to mail the photos out of the prison.

If you find Mr. Brown has proved facts supporting each of the elements, you must also decide whether Mr. Brown waived his procedural due process rights.  A person can knowingly and voluntarily waive a constitutional right.  Defendants assert that Mr. Brown waived any due process rights related to his property.

Defendants bear the burden of showing that Mr. Brown knowingly and voluntarily waived his due process rights.  If you find that Mr. Brown did not prove each of the facts he must prove, or if you find that Defendants proved that Mr. Brown waived his constitutional rights, then you must find for Defendants.

1

<u>FINAL INSTRUCTION NO. 13</u>

2
3
4

In this case, Mr. Brown claims that Defendants Mr. Vail, while acting under color of law, violated his rights under the Due Process Clause of the Fourteenth Amendment.

5
6
7

Specifically, Mr. Brown claims that Mr. Vail violated his procedural due process rights by implementing the inmate contraband policy under which the photos in Mr. Brown's cell were seized and destroyed.

8
9

To succeed on his claims, Mr. Brown must prove each of the following by a preponderance of the evidence:

10
11

<u>First:</u>  Mr. Brown had a property interest in the photos that were seized from his cell.

12
13

<u>Second:</u>  Mr. Brown was deprived of his property interest without adequate process, either a hearing or by allowing him to mail the photos out of the prison.

14
15

<u>Third:</u>  The deprivation of Mr. Brown's property interest was done pursuant to a policy implemented by Mr. Vail.

16
17
18

<u>Fourth:</u>  Mr. Vail's implementation of the policy set in motion a series of acts by others which Mr. Vail knew or reasonably should have known would cause others to inflict a constitutional injury.

19

20

## FINAL INSTRUCTION NO. 14

You should decide the case as to each Defendant separately.  Plaintiff must prove by a preponderance of the evidence that each Defendant's actions or inactions caused the constitutional violation.  You may not hold any of the Defendants liable solely for what others did or did not do.

## FINAL INSTRUCTION NO. 15

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on his procedural due process claims, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for the actual injury caused by the constitutional deprivation.  You should not award damages based on the abstract importance of Plaintiff's due process rights.

It is for you to determine what damages, if any, have been proved.  Any award of damages must be based on evidence and not upon speculation, guess, or conjecture.

## FINAL INSTRUCTION NO. 16

The law that applies to this case authorizes an award of nominal damages.  If you find for Mr. Brown but you find that Mr. Brown has failed to prove damages supported by actual injury, you must award nominal damages.  Nominal damages may not exceed one dollar.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## FINAL INSTRUCTION NO. 17

In this case, if two or more actors are responsible for resulting damages, the actors are jointly and severally liable.  This means that each responsible actor is independently liable for the entire amount of damages resulting from their act.  The Court has provided a separate special verdict form for damages that potentially involve more than one actor.

You will see this reflected in the individual special verdict forms addressing the individual claims and issues where joint and several liability is potentially implicated.

FINAL INSTRUCTION NO. 18

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be unwilling to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## FINAL INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I may consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

FINAL INSTRUCTION NO. 20

One set of special verdict forms has been prepared for you.  You should

follow the instructions on the verdict forms closely in conjunction with these

instructions.  After you have reached unanimous agreement on a verdict, your

presiding juror will fill in the forms that have been given to you, sign and date

them, and advise the Court by sending a note through the bailiff stating you have

reached a verdict and are ready to return to the courtroom.  The presiding juror will

deliver the verdict forms to the Judge in open court.

Unanimous verdict means all jurors agree to each of the answers submitted

on the verdict forms.