UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY TYREE BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>ELDON VAIL, in his individual capacity, DEREK REEVES, in his individual and official capacities, and DUSTY RUMSEY, in his individual and official capacities,<br><br>      Defendant. | NO. 2:15-CV-0121-TOR<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR DIRECTED VERDICT AND/OR MOTION FOR NEW TRIAL |

BEFORE THE COURT is Plaintiff's Renewed Motion for Directed Verdict and/or Motion for New Trial (ECF No. 205). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Renewed Motion for Directed Verdict and/or Motion for New Trial (ECF No. 205) is DENIED.

ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR DIRECTED VERDICT AND MOTION FOR NEW TRIAL ~ 1

## BACKGROUND

This case concerns Plaintiff's allegations that Defendants wrongfully confiscated and destroyed, without adequate procedural due process, 55 pictures recovered from Plaintiff's cell while Plaintiff was incarcerated at the Airway Heights Corrections Center. A two-day jury trial was held in this case. On February 11, 2020, the jury returned a verdict in favor of all Defendants. ECF No. 198. Plaintiff now seeks relief from the jury verdict through a renewed motion for directed verdict, or, alternatively, a motion for a new trial. ECF No. 205. Plaintiff has also filed a Notice of Appeal to the Ninth Circuit Court of Appeals, although that Notice will not become effective until the present motions are resolved. ECF No. 211.

## DISCUSSION

**A. Renewed Motion for Directed Verdict**

Plaintiff renews his Motion for a Directed Verdict, arguing that he was denied due process when the photos at issue were confiscated from his cell and destroyed. ECF No. 205 at 4-8.

A court may enter a directed verdict when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). If a motion for a directed verdict is denied, the movant may

renew the motion within 28 days of the entry of judgment. Fed. R. Civ. P. 50(b). "The standards for determining whether a motion for a directed verdict or a motion for judgment n. o. v. should be granted are identical; in each case, the correct test is whether or not, viewing the evidence as a whole, 'there is substantial evidence present that could support a finding, by reasonable jurors, for the nonmoving party.'" *Quichocho v. Kelvinator Corp.*, 546 F.2d 812, 813 (9th Cir. 1976) (citation omitted). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (internal quotation omitted).

Here, Plaintiff argues he is entitled to a directed verdict because he asserts that he was denied access to a fair and impartial tribunal, that the Court should not have allowed the issue of waiver to go to the jury, and that the Court should have entered a directed verdict on the limited issue of ownership of the photos in question. ECF No. 205 at 4-8. Only Plaintiff's argument about access to a fair and impartial tribunal was preserved in his initial Motion for Directed Verdict. ECF No. 191. However, even construing Plaintiff's prior motion liberally, all of Plaintiff's current arguments rely on Plaintiff's assertion that "[t]he undisputed evidence at trial undeniably demonstrated that [Plaintiff] owned the 55 photos as a matter of law." ECF No. 205 at 8. Plaintiff overstates the evidence. The parties

disputed whether Plaintiff owned the photos in question. Plaintiff testified that the photos belonged to him. Defendants Reeves and Rumsey testified that, at the time of the cell search, Plaintiff told them that the photos did not belong to him and that Plaintiff did not object to the photos being thrown away. While Plaintiff may disagree with the jury's evaluation of this competing evidence, a reasonable jury could find, supported by substantial evidence, that the photos at issue did not belong to Plaintiff. Because this finding is supported by substantial evidence, Plaintiff is not entitled to a directed verdict on the issue of ownership.

Moreover, as the Court noted throughout this case, Plaintiff can only assert due process rights over property in which he has an actual property interest. *See, e.g.*, ECF No. 127 at 11 (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972); *Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 756 (2005)). Plaintiff claimed ownership of the photos. Because the jury found that Plaintiff failed to establish that he had a property interest in the photos, Plaintiff's other due process arguments are rendered moot. Plaintiff's Renewed Motion for Directed Verdict is denied.

**B. Motion for New Trial**

Alternatively, Plaintiff moves for a new trial on the grounds that the Court did not adopt Plaintiff's proposed jury instructions and that Plaintiff was not given access to the Ninth Circuit Model Jury Instructions. ECF No 205 at 9-15.

Fed. R. Civ. P. 59 authorizes a court to grant a motion for a new trial, but it "does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Case law has clarified that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000). "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). A district court's formulation of jury instructions is a matter of the court's discretion. *Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1397 (9th Cir. 1996). Civil jury instructions are reviewed for error that is more probably than not harmless. *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001). The instructions given here, fully allowed Plaintiff to argue his theory of the case.

As an initial matter, it is questionable whether Plaintiff preserved error on the issue of jury instructions. A party objecting to a jury instruction "must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). Plaintiff did not object to the Court's preliminary jury instructions. Plaintiff later stated that he wished to submit his

own instructions to the jury, but he did not raise a specific objection to any of the Court's final jury instructions. Plaintiff's acquiescence to the Court's jury instructions does not constitute a distinct statement of his objection to the jury instructions on the record. Fed. R. Civ. P. 51(c)(1).

Even if Plaintiff did adequately preserve the issue of jury instructions, Plaintiff's current motion does not establish harmful error in the Court's jury instructions. Instead, Plaintiff reiterates his request that the Court instruct the jury using Plaintiff's preferred language. The legal issues identified in Plaintiff's motion – the type of property interest protected, the procedural protections due, and the burden of proof in the case – were addressed by the Court's own instructions. *See* ECF No. 193. Plaintiff does not identify error in the instructions that were actually given, and instead only contends that the jury should have been instructed in the manner Plaintiff prefers. ECF No. 205 at 9-15. This does not establish harmful error in the Court's instructions and does not present grounds for a new trial.

Plaintiff also argues he should be granted a new trial because he was never given access to the Ninth Circuit's Model Jury Instructions, a request which the Court previously denied at ECF No. 188. Plaintiff does not establish any entitlement to these materials. While prisoners do have a protected right of access to law libraries or adequate legal assistance, this right is evaluated on an individual

case basis with an eye to actual injury. *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994). Plaintiff's proposed jury instructions were extensive and supported by legal citations. *See* ECF No. 174. The Ninth Circuit Model Jury Instructions do not have a pattern jury instruction applicable to the due process claim asserted here. Moreover, Plaintiff was able to review the Court's own instructions, in advance, which largely adopted the model instructions. Plaintiff has not demonstrated that he suffered any harm caused by his inability to review the model instructions. Plaintiff is not entitled to a new trial on these grounds.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Renewed Motion for Directed Verdict and/or New Trial (ECF No. 205) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** April 7, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR DIRECTED VERDICT AND MOTION FOR NEW TRIAL ~ 7