**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY TYREE BROWN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ELDON VAIL, in his individual and official capacities; DEREK REEVES, in his individual and official capacities; DUSTY RUMSEY, in his individual and official capacities, <br><br> Defendants-Appellees, <br><br> and <br><br> BERNARD WARNER, in his individual and official capacities; JOHN DOE, 1; in his individual and official capacities; JANE DOE, 1; in her individual and official capacities; MAGGIE MILLER-STOUT, in his individual and official capacities; PAUL DUENICH, in his individual and official capacities; STEPHEN SINCLAIR, Secretary of the Department of Corrections, in his official capacity, | No. 20-35225 <br><br> D.C. No. 2:15-cv-00121-TOR <br><br> MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|                |
| -------------- |
| Defendants.    |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted March 13, 2023[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Washington state prisoner Gregory Tyree Brown appeals pro se from the district court's judgment following a jury verdict in favor of defendants in Brown's 42 U.S.C. § 1983 action alleging procedural due process claims. We have jurisdiction under 28 U.S.C. § 1291. We review whether jury instructions accurately state the law de novo, and the district court's formulation of jury instructions for an abuse of discretion. *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017). We affirm.

The district court properly denied Brown's renewed motion for judgment as a matter of law. Assuming without deciding that Brown preserved his challenges to the district court's final jury instructions and rejection of his proposed jury instructions Nos. 89, 91, 100, 114, 115, 116, and 117, the final instructions fairly

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and adequately covered the issues presented, correctly stated the law, and were not misleading. *See Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017) (setting forth standard of review for denial of renewed motion for judgment as a matter of law); *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002) (setting forth requirements for jury instructions and explaining that prejudicial error results when jury instructions, "viewed as a whole, fail to fairly and correctly cover the substance of the applicable law"); *see also Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1197 (9th Cir. 2005) (the court "will not reverse a verdict based on a district court's refusal to instruct the jury in a manner requested by one of the parties unless the district court abused its discretion and the absence of the requested instruction amounts to prejudicial error").

The district court's response to the jury's question about Brown's property interest was not a plain error that affected Brown's substantial rights. *See Hoard v. Hartman*, 904 F.3d 780, 786 (9th Cir. 2018) (plain error standard of review applies in the absence of an objection to the district court's supplemental jury instruction); *C.B. v. City of Sonora*, 769 F.3d 1005, 1016–19 (9th Cir. 2014) (en banc) (explaining plain error standard in the civil context).

We see no prejudicial error in the district court's rejection of Brown's proposed jury instructions regarding defendants' knowledge of regulations and punitive damages.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**